434 F.2d 852
 James Stanley HACKWORTH, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.
 No. 29964 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 11, 1970.
 
 James S. Hackworth, pro se.
 Crawford C. Martin, Atty. Gen. of Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Glenn R. Brown, Asst. Attys. Gen., Austin, Tex., for appellee.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the district court denying the petition of a Texas state convict for a writ of habeas corpus. We affirm the judgment for the reasons set out in the memorandum opinion of the district court, a copy of which is appended to this opinion.
 
 
 2
 Affirmed.
 
 APPENDIX
 
 3
 United States District Court, Western District of Texas, Waco Division
 
 
 4
 James Stanley Hackworth
 versus Civil Action
 No. W-69-CA-62
 Dr. George Beto
 
 MEMORANDUM AND ORDER
 Filed: Apr. 23, 1970
 
 5
 On January 24, 1969, Petitioner was found guilty of felony theft by a jury in the 54th Judicial District Court of McLennan County, Texas. Subsequently on the same day, Petitioner was also found by the jury to have been once before convicted of a felony of like character less than capital. In accordance with the jury's verdict, Petitioner was sentenced on March 21, 1969, to ten (10) years in prison. Petitioner waived his right to appeal.
 
 
 6
 Scarcely two months later, however, on May 26, 1969, Petitioner filed a motion for habeas corpus relief with the State court in which he was convicted, in accordance with Article 11.07 Vernon's Ann.Texas Code Crim.Proc.; see Texas v. Payton, 390 F.2d 261 (5th Cir., 1968). Petitioner specified eleven grounds for relief, which he also presents to this Court:
 
 
 7
 A. He was interrogated without counsel while being extradited to Waco, Texas from Georgia;
 
 
 8
 B. The Prosecutor commented on his failure to testify at his trial;
 
 
 9
 C. The State improperly introduced character testimony against him;
 
 
 10
 D. His counsel was ineffective;
 
 
 11
 E. He was denied a preliminary hearing;
 
 
 12
 F. The State introduced hearsay evidence to bolster its main witnesses' identification of Petitioner;
 
 
 13
 G. He was fingerprinted against his will, and identified in court on the basis of those fingerprints;
 
 
 14
 H. The jury went home during deliberations;
 
 
 15
 I. The evidence did not support the jury's finding of guilt beyond a reasonable doubt;
 
 
 16
 J. The basis of his conviction was circumstantial evidence;
 
 
 17
 K. The victim did not actually see Petitioner take the money.
 
 
 18
 On July 25, 1969, Petitioner, who was represented by appointed counsel, was given a hearing on some of his allegations. At the conclusion of the hearing, the trial judge found that "[a]t the trial of said case Petitioner was afforded every legal right entitled him under the Constitution and laws of the State of Texas, and the United States, except those which he knowingly, intelligently and voluntarily waived."
 
 
 19
 While the State judge justifiably found against Petitioner on points A. and H. and we adopt his holdings thereon. We are somewhat mystified by his implication that Petitioner knowingly waived his right to relief based on any errors that might have occurred in the trial of the case, since Petitioner offered no testimony thereon in the habeas hearing. Petitioner did, however, request that a trial transcript be prepared, clearly with an eye to supporting his factual allegations with respect to errors in the trial. Petitioner's request for a transcript was denied, however, on the novel grounds that Hackworth had been represented at the trial by a lawyer of his choice (albeit court appointed). Thus no trial transcript was prepared. This hiatus in the record apparently did not concern the Court of Criminal Appeals, however, which summarily affirmed the State Judge's findings and conclusions without written opinion.
 
 
 20
 In the interest of giving full consideration to all of Petitioner's claims, some of which — points B, C, D, F, I, J & K in particular — of necessity required an examination of the trial proceedings, this Court asked that a record be made, which was done with the co-operation of the State Attorney General's Office.
 
 
 21
 After an examination of the record, it is quite clear that the State habeas proceedings in this case were not entirely satisfactory, inasmuch as the record reveals that at least one and possibly two of Petitioner's factual allegations are well taken. Evidence of Petitioner's reputation in the community was in fact introduced in the enhancement proceedings, Tr. 101-105, over Petitioner's objection, and despite the fact that he had not taken the stand or otherwise put his character in issue. This practice ordinarily constitutes reversible error on appeal in Texas criminal cases. Moreover, one witnesses' testimony may well have constituted a "bolstering" of identification testimony, Tr. 31-33, which is correctable on appeal according to some Texas cases. We do not know what treatment either of these claims would receive in Texas habeas proceedings, as opposed to appellate proceedings; perhaps either or both would entitle him to relief under Texas law. Under Federal law, however, we hold that neither of these apparent errors in the trial were so serious in this case that they constituted a violation of due process of law; the proceedings were, on the whole, fundamentally fair.
 
 
 22
 The Fourteenth Amendment imposes minimal standards for state criminal procedures. It does not prohibit a state from adopting more protective procedures and, when one does, strict compliance with the more fulsome state-created right does not become a matter of federal right or subject to protection in the federal courts.
 
 
 23
 Davis v. North Carolina, 339 F.2d 770, 777 & n.12 (4th Cir. 1964) rev'd on other grounds, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). Of course, this opinion in no way prejudices Petitioner's right to present these two questions to the State courts for consideration in light of the newly transcribed trial record.
 
 
 24
 We find Petitioner's remaining contentions to be completely without merit. The Prosecutor did not comment on Petitioner's failure to testify; he came near the line, but did not step over it. Petitioner's counsel adequately represented him at trial. The objectionable fingerprinting took place outside the presence of the jury; Petitioner has no constitutional right not to be fingerprinted. Moreover, Petitioner had no constitutional right to an examiner's hearing as provided in the Texas Code of Criminal Procedure. And finally, Petitioner's points I, J and K do not raise constitutional issues; while the record reveals that the case against Petitioner was indeed based on circumstantial evidence, there is no constitutional bar to a conviction based on such evidence, which in this case was clearly adequate to support the jury verdict of guilty beyond a reasonable doubt.
 
 
 25
 Petitioner's request for habeas corpus relief is accordingly denied.
 
 
 26
 Signed at Austin, Texas, this 21st day of April, 1970.
 
 
 27
 (Signed) JACK ROBERTS
 JACK ROBERTS
 United States District Judge
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I